IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN KILLINGER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JO ANNE B. BARNHART, Commissioner of )<br>Social Security, )<br>)<br>Defendant. )<br>_____) | Case No. 04-4115-JAR |

### MEMORANDUM & ORDER

Plaintiff has filed a motion (Doc. 14) for an award of attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the total amount of $1,019.07 for 6.50 hours of attorney time at $156.78 per hour. This requested fee comprises $666.32 for 4.25 hours expended in this action for judicial review of the defendant's decision denying benefits, and $352.75 for 2.25 hours expended in preparation of plaintiff's response to defendant's opposition to plaintiff's request for fees. Because the Court concludes that the defendant's position was not substantially justified, the Court overrules the defendant's objection and grants plaintiff's motion for award of attorney fees.

**Procedural History**

Plaintiff filed applications for disability insurance benefits and supplemental security income benefits. On March 1, 2004, Administrative Law Judge (ALJ) Gaye conducted a hearing; and on March 24, 2004, ALJ Gaye issued a decision denying plaintiff's applications for

1

benefits. In July 2004, the Appeals Council denied a request for review, rendering the ALJ's decision the final decision of the Commissioner. In September 2004, plaintiff filed a Complaint in this Court for judicial review of the defendant's decision to deny benefits. On December 29, 2004, the defendant filed a motion (Doc. 8) to remand this case to the Commissioner for further administrative action, because

> Before the Commissioner filed her answer in this case, the Appeals Council of the Social Security Administration determined that significant portions of the tape recording of the March 1, 2004 hearing were inaudible, making it impossible to prepare a full and accurate transcript of the entire record of the proceedings. Therefore good cause exists for remanding this case because the Agency is unable to prepare and certify a transcript of the administrative proceedings for the Court's review.

Thereafter, this Court entered an agreed order (Doc. 9) remanding this case to the Commissioner, pursuant to sentence six of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).[1] On April 14, 2006, the Commissioner issued a decision awarding plaintiff benefits; and on May 4, 2006, this Court entered judgment to plaintiff.

**Discussion**

The defendant does not oppose the reasonableness of the time spent, nor the hourly fee requested.[2] Rather, the defendant argues that its original position denying plaintiff benefits in 2004, was substantially justified. The EAJA provides for an award of attorney fees to a prevailing party "unless the court finds that the position of the United States was substantially

---

[1] Because of the agreed remand, this Court did not make a substantial review of the Commissioner's final decision or of the merits of Plaintiff's complaint or his arguments.

[2] Although the EAJA allows for reimbursement of attorney fees and other expenses, those items must be "reasonable," pursuant to 28 U.S.C. § 2412(d)(2)(A); and the Court has a duty to make an independent evaluation of the reasonableness of counsel's bill. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Exercising its duty to independently review the fee application, this Court concludes that the time spent and fee requested are reasonable.

justified[.]"[3]  The test under the EAJA is essentially one of reasonableness and there is no presumption that the Government's position was not substantially justified because it lost a case.[4] For a finding that substantial evidence did not support the Commissioner's denial of plaintiff's application does not necessarily mean that an award of attorney fees is appropriate.[5]  In *Pierce v. Underwood*,[6] the Supreme Court construed the phrase "substantially justified" in the EAJA statute to mean "justified to a degree that could satisfy a reasonable person."[7]

The defendant posits that despite ALJ McCarthy's favorable decision in 2006 upon remand, a reasonable person could conclude that ALJ Gaye's unfavorable decision in 2004 was substantially justified, for three reasons: plaintiff's position changed between the March 2004 and January 2006 hearings; ALJ McCarthy heard new testimony; and ALJ McCarthy had the benefit of new medical evidence that was unavailable to ALJ Gaye.  Plaintiff originally contended that he became disabled on July 1, 2002 and remained disabled.  This was plaintiff's testimony at the time of the March 2004 hearing.  But by the time of the January 2006 hearing, plaintiff had returned to work, on October 4, 2005, at the level of substantial gainful activity. Thus, plaintiff necessarily pursued a closed period of disability, and at the January 2006 hearing, ALJ McCarthy heard medical evidence developed since the last hearing concerning plaintiff's ability to return to work.  These new intervening circumstances, however, do not suggest that

---

[3]28 U.S.C.§ 2412(d)(1)(A).

[4]*See Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988); *Brouwers v. Bowen*, 823 F.2d 273,275 (8th Cir. 1987); *Weakley v. Bowen*, 803 F.2d 575, 577-78 (10th Cir. 1986).

[5]*Hadden*, 851 F.2d at 1267.

[6]487 U.S. 552 (1988).

[7]*Id*. at 565.

3

ALJ Gaye's March 2004 decision was substantially justified, or not substantially justified. The new evidence presented at the January 2006 hearing concerned events that had occurred after the last hearing, and thus neither give credence to, nor discredit the March 2004 decision.

Under the EAJA, the government bears the burden of showing that its position is substantially justified.[8] This requires that the government prove that its case had a reasonable basis in law and in fact.[9] Defendant relies on the change in plaintiff's circumstances between 2004 and 2006 as sufficient to show that a reasonable person would conclude that its position in 2004 was substantially justified. Yet, a reasonable person would note that in 2006, ALJ McCarthy determined that plaintiff was disabled from 2002 to 2005, and that this determination was made on the basis of evidence that was available to ALJ Gaye in 2004. As ALJ McCarthy noted in his 2006 decision, plaintiff had impairments that were "severe" but insufficient "to meet or equal the requirements set forth in the Listing of Impairments." Yet, ALJ McCarthy found that

> [a] determination in this case cannot be based on medical considerations alone....the undersigned finds that the claimant's allegation of an inability to work for 40 hours a week on a sustained basis during the closed period is credible. The claimant was a credible witness at the hearing and has an excellent earnings record, which both reflect favorably on his overall credibility. His testimony is consistent with the medical records in evidence. The undersigned specifically finds to be credible the claimant's assertion that all of the time he had to spend on medical treatment visits and extensive physical therapy did not allow time for him to be able to work for 40 hours a week on a regular and continuing basis during the closed period at issue.

These findings, concerning the credibility of plaintiff's testimony, the corroboration of his testimony with medical records and specifically that the medical records showed that plaintiff's extensive treatments precluded regular and continuing full time employment during the closed

---

[8] *Hadden*, 851 F.2d at 1267.

[9] *Pierce*, 487 U.S. at 565.

period at issue, were not based on evidence that was new or unavailable to ALJ Gaye in 2004. Thus, the defendant has simply failed its burden of proving that its position was substantially justified.[10]

**IT IS THEREFORE ORDERED THAT** plaintiff's Motion for Attorneys Fees Pursuant to the Equal Access to Justice Act (Doc. 14) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** plaintiff is awarded attorney fees in the amount of **$1,019.07.**

**IT IS SO ORDERED**.

Dated this **18th** day of August 2006.

                                                **S/ Julie A. Robinson**
                                                **Julie A. Robinson**
                                                **United States District Judge**

---

[10] The Court notes that although there was an agreed order of remand in this case, upon the defendant's motion for remand, the Court has not construed that as an admission that the defendants' position was not substantially justified. Rather, it was merely an admission that the record was inadequate given that substantial portions of the ALJ hearing had not been audibly recorded.